Sullivan, R.

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-21-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ZEREGA AVENUE REALTY CORP.,

Case No. 13 CV 4538

Plaintiff,

STIPULATION

-against-

TRAVELERS CASUALTY INSURANCE
COMPANY OF AMERICA,

Defendant.
-------------------------------------------------------------------X

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiff ZEREGA AVENUE REALTY CORP. and Defendant TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, as follows:

1. Counsel for the above-captioned Defendant consents to the filing of the Amended Complaint attached hereto, naming The Standard Fire Insurance Company as Defendant in place of Travelers Casualty Insurance Company of America.

2. Counsel for the above-captioned Defendant consents to accept service of the Amended Complaint on behalf of THE STANDARD FIRE INSURANCE COMPANY.

3. This stipulation may be executed in counterparts and by facsimile, and a copy bearing original and/or facsimile signatures shall be treated and deemed for all purposes as an original thereof.

Dated: Melville, New York
September 18, 2013

| | |
|---|---|
| STRADLEY RONON STEVENS & YOUNG, LLP | KUSHNICK PALLACI, PLLC |
| By: *Antranig Garibian* <br> Antranig Garibian, Esq. <br> *Attorneys for The Standard Fire Insurance Company* <br> 2005 Market Street, Suite 2600 <br> Philadelphia, PA 19103-7018 <br> (215) 564-8080 | By: *Vincent T. Pallaci* <br> Vincent T. Pallaci, Esq. (VP0801) <br> *Attorneys for Plaintiff Zerega* <br> 445 Broad Hollow Road, Suite 124 <br> Melville, New York 11747 <br> (631) 752-7100 |

SO ORDERED:

9/21/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ZEREGA AVENUE REALTY CORP.,         Case No. 13 CV 4538

                        Plaintiff,

          -against-                 **AMENDED**
                                    **COMPLAINT**
THE STANDARD FIRE INSURANCE COMPANY,

                        Defendant.
-----------------------------------------------------------------X

The plaintiff ZEREGA AVENUE REALTY CORP. (hereinafter "ZEREGA"), by its attorneys, KUSHNICK PALLACI, PLLC, as and for its Complaint against the above-named defendant, respectfully alleges upon information and belief as follows:

**IDENTITY OF THE PARTIES, JURISDICTION AND VENUE**

1. At all relevant times herein mentioned, plaintiff ZEREGA was and still is a domestic business corporation, organized and existing pursuant to the laws of the State of New York and authorized to do business in the State of New York and maintaining a principal place of business at 1000 Zerega Avenue, Bronx, NY.

2. At all relevant time herein mentioned, ZEREGA, was and still is the owner of certain real property located at 1000 Zerega Avenue, County of Bronx, State of New York (hereinafter "Premises").

3. At all relevant times herein mentioned, the defendant, THE STANDARD FIRE INSURANCE COMPANY (hereinafter "STANDARD FIRE"), was and still is an insurance company organized and existing pursuant to the laws of the State of Minnesota, authorized to

carry on business in the State of New York and maintaining a principal place of business at One Tower Square, Hartford, Connecticut 06183.

4. Venue is proper in the Southern District of New York because it is the location of plaintiff's principal place of business and is also the location of the property which is the subject of the within action. Pursuant to the terms of the insurance agreement between the parties, venue is proper in the district where the insured property is located.

5. This Court has jurisdiction over the defendant because the defendant has consented to such jurisdiction in the insurance agreement between the parties and the defendant regularly transacts business within the State of New York and more specifically transacted business within the State of New York in connection with the issuance of the insurance policy that is the subject of the within action.

6. This Court has jurisdiction over this matter because the flood insurance policy that is the subject of this litigation was issued and is governed by the National Flood Insurance Act of 1968 and the applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B.

**FACTUAL BACKGROUND**

7. On or about October 16, 2012, in consideration of a premium paid by ZEREGA defendant issued and delivered to ZERGA a standard flood insurance policy bearing Policy No: 60044379082012, (hereinafter the "Policy"), said Policy being a renewal of an existing policy issued by defendant to ZEREGA.

8. The Policy was issued to Zerega for a period of one year, against loss or damage to the Premises arising out of direct and physical loss to the Premises by flood. (A copy of the Policy of insurance is annexed hereto as Exhibit "A".)

9. At all times hereinafter mentioned, ZEREGA was and is insured under said Policy of insurance.

10. Upon information and belief, the limit of liability for the Policy was $1,455,508.00.

11. STANDARD FIRE, in and by said Policy of insurance, did promise and agree to pay to plaintiff for such loss and damage, not exceeding the sum insured as aforesaid, in the event of loss or damage as therein specified during the term of the policy period.

12. On and about October 29, 2012, Super Storm Sandy made landfall in the Northeast and caused damage to certain properties.

13. The damage caused by Super Storm Sandy was predominately due to wind and flooding caused by the storm surge.

14. The Premises is located along Westchester Creek. During the storm surge from Super Storm Sandy, the Westchester Creek surged as high as nine to eleven feet above elevation.

15. As a result of Super Storm Sandy the aforementioned Premises sustained severe and excessive water and property damage. Damage sustained to the Premises included but is not limited to: multiple visible cracks; the floor slab of the maintenance garage has visibly dropped approximately six inches; the maintenance garage dividing wall sustained large cracks in excess of ¾"; the southwest concrete encased beam of the maintenance garage has cracked and dropped approximately eighteen inches; and a section of the seaward side of the cellar floor in the office basement has dropped approximately two inches below the adjourning sections.

16. As a result of the damage and loss, ZEREGA, placed a claim with defendant under said Policy of insurance.

17. On or about February 15, 2013, defendant investigated the plaintiff's claim.

18. After the defendant's investigation, it determined that there was no structural damage or slab displacement to the office and garage buildings due to or exacerbated by the passage of Super Storm Sandy. It further determined that the cracks and displacement sustained by the Premises were long-term and ongoing subsidence of the sub-grade due to soil storage activities.

19. The defendant did determine that some damage was caused to the Premises by the passage of Super Storm Sandy and as such, issued payment in the amount of $47,696.27.

20. Upon information and belief, said damage was not the result of ongoing subsidence and/or soil storage activities, but were caused and/or exacerbated by the impact and effects of Super Storm Sandy. Accordingly, said damages were covered in full by the subject Policy.

21. At the time said Policy of insurance was issued, and up to and including the time of such loss, ZEREGA was the true and lawful owner of the building covered by said Policy which was damaged as set forth herein.

22. Due and timely notice of the loss and proof of said loss were delivered to the defendant in accordance with the terms and conditions of said policy.

23. ZEREGA has fully and duly performed all of the conditions of said policy on its part to be performed.

## AS AND FOR A FIRST CAUSE OF ACTION
## (Breach of Contract)

24. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "23", as if more fully alleged herein.

25. At all times hereinafter mentioned, defendant was obligated to provide Payment under the Policy for the subject losses sustained by ZEREGA.

26. Defendant has partially denied coverage and to date, has failed and refused to make the required payments under the Policy for the losses sustained by ZEREGA.

27. Defendant has waived any defenses or exclusions not included in their disclaimer dated May 1, 2013.

28. Defendant has breached its obligations under the Policy by failing to fully and properly compensate and pay plaintiff for the losses that it sustained.

29. As a direct and proximate result of defendant's breach of its obligations under the Policy of insurance, ZEREGA has been damaged in an amount to be determined by the trier of fact but not less than FOUR HUNDRED THOUSAND ($400,000.00) DOLLARS.


**WHEREFORE**, the Plaintiff demands judgment on the Complaint herein as follows:

a. On the count for breach of contract of insurance, for a money judgment in an amount not less than FOUR HUNDRED THOUSAND DOLLARS ($400,000.00); and

b. For costs, disbursements and interest and for such other and further relief as this Court may deem just, equitable and proper.

Dated: Melville, New York
September 11, 2013

                                           Yours, etc.,

                                           KUSHNICK PALLACI, PLLC

By: _____
      Vincent T. Pallaci, Esq.
*Attorneys for Plaintiff(s)*
445 Broad Hollow Road, Suite 124
Melville, New York 11747
(631) 752-7100