Judith A. Lockhart, Esq.
Leonardo Trivigno, Esq.
Carter Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005
Telephone: 212-732-3200
lockhart@clm.com
trivigno@clm.com

Craig Russell Blackman, Esq.
Antranig N. Garibian, Esq.
Stradley, Ronon, Stevens & Young, LLP
2600 One Commerce Square
Philadelphia, PA  19103-7098
Telephone: (215) 564-8000
cblackman@stradley.com
agaribian@stradley.com
*Attorneys for Defendant, The Standard Fire Insurance Company*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ZEREGA AVENUE REALTY CORP.,                :
                                           :
                     Plaintiff,            :     ECF CASE
                                           :
             -against-                     :     Case No. 1:13-cv-04538-RJS
                                           :
                                           :
THE STANDARD FIRE INSURANCE                :
COMPANY,                                   :
                                           :
                                           :
                     Defendant.            :
-----------------------------------------------------------------x

### ANSWER AND DEFENSES OF DEFENDANT
### THE STANDARD FIRE INSURANCE COMPANY
### TO PLAINTIFF'S AMENDED COMPLAINT

Defendant The Standard Fire Insurance Company (hereinafter "Standard Fire"), Insurance Company)," appearing in its fiduciary[1] capacity as the fiscal agent[2] of the United

---

[1] See 44 C.F.R. §62.23(f).

States and at the expense of the United States Treasury,[3] hereby answers the allegations and sets forth its defenses to the Amended Complaint of Plaintiff, Zerega Avenue Realty Corp., as follows:

## IDENTITY OF THE PARTIES, JURISDICTION AND VENUE

1. Admitted, upon information and belief.

2. Admitted, upon information and belief.

3. Denied as stated. Standard Fire is a foreign insurance company authorized to do business in the state of New York. Further answering, Standard Fire is a Write Your Own ("WYO") company that issues Standard Flood Insurance Policies pursuant to the National Flood Insurance Program ("NFIP").

4. Denied as stated. Venue is proper in this Court because only this Court has original exclusive jurisdiction over this matter pursuant to 42 U.S.C. § 4072, which vests the United States District Court for the district in which the insured property is located with exclusive subject-matter jurisdiction, without regard to the amount in controversy, over cases arising out of a disputed flood insurance claim under the NFIP.

5. Denied as stated. Further answering, see ¶4.

6. Denied as stated. Further answering, see ¶4.

## FACTUAL BACKGROUND

7. Denied as stated. It is admitted only that Standard Fire issued a Standard Flood Insurance Policy ("SFIP") bearing Policy No. 60044379082012 to Plaintiff for the policy period August 19, 2012, to August 19, 2013 (the "Policy"), and for the property located at 1000 Zerega

---

[2]   See 42 U.S.C. §4071(a)(1); *Gowland v. Aetna,* 143 F.3d 951 (5th Cir. 1998).

[3]   See 42 U.S.C. §4017(d)(1); *Van Holt v. Liberty Mutual Fire Ins. Co.,* 163 F.3d 161 (3d Cir. 1998).

7303759.2       # 1837818

Ave., Bronx, NY 10462-5402 ("Property").  Further answering, Standard Fire is a WYO Company that issues SFIPs in accordance with the rules and regulations of the NFIP.  Further answering, the SFIP at issue is a codified federal regulation and contains the terms and conditions mandated by the federal government.  See 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(2).  Further answering, the Policy is a writing that speaks for itself, and any inconsistent characterizations thereof are denied.

8. Denied as stated.  It is admitted only that Standard Fire issued the Policy to Plaintiff for the policy period August 19, 2012, to August 19, 2013.  Further answering, the Policy, an SFIP, is a codified federal regulation and contains the terms and conditions mandated by the federal government.  See 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(2).  Further answering, to the extent that Plaintiff purports that Exhibit A attached to the Amended Complaint constitutes an authentic version of the Plaintiff's Policy, that is denied.  Further answering, Exhibit A appears to be a copy of the Standard Flood Insurance Policy General Property Form, which is 1) not the current form of the SFIP General Property Form, and 2) contains a number of handwritten notations of unknown origin.  Further answering, the SFIP at issue is a codified federal regulation which contains the terms and conditions mandated by the federal government, and its current version can be found at 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(2).  The current SFIP General Property Form can be obtained at: http://www.fema.gov/media-library-data/20130726-1730-25045-7167/f123genpropform0809.pdf.

9. Denied as stated.  It is admitted only that Standard Fire issued the Policy to Plaintiff for the policy period August 19, 2012, to August 19, 2013.

10. Denied. The Policy has a $500,000.00 limit for Building Coverage, subject to a $2,000.00 deductible. Further answering, the Plaintiff does not carry contents coverage under the Policy.

11. Denied as stated. The Policy, an SFIP, is a codified federal regulation and contains the terms and conditions mandated by the federal government. See 42 U.S.C. § 4072; 44 C.F.R. Pt. 61, App. A(2). Further answering, the Policy is a writing that speaks for itself, and any inconsistent characterizations thereof are denied.

12. Admitted, upon information and belief.

13. Denied. Standard Fire is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and therefore they are deemed denied.

14. Denied. Standard Fire is without knowledge or information sufficient to form a belief as to the allegations set forth in this paragraph and therefore they are deemed denied.

15. Denied as stated. It is admitted only that the Property sustained physical loss by or from flood on October 29, 2012, as a result of Superstorm Sandy. Standard Fire lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations set forth in this paragraph and, accordingly, they are deemed denied

16. Denied as stated. It is admitted only that Plaintiff filed a flood claim with Standard Fire for damages to the Property by or from flood that occurred on or about October 29, 2012.

17. Denied as stated. It is admitted only that following the subject flood loss, Standard Fire hired an independent adjustment company ("Independent Adjuster") to assist the Plaintiff with the claim as a courtesy, in accord with the express provisions of the SFIP. See 44 C.F.R. Pt. 61, App. A(2), Art. VII(J)(7). Further answering, it is admitted only that the Independent Adjuster inspected the Plaintiff's property on February 15, 2013. Standard Fire lacks knowledge

or information sufficient to form a belief about the truth of the remaining allegations set forth in this paragraph and, accordingly, they are deemed denied.

18. Denied as stated. Further answering, it is admitted only that at the request of the Independent Adjuster, Standard Fire retained an engineering firm ("Standard Fire Engineer") to inspect the Property to evaluate the Plaintiff's claims. Further answering, the Standard Fire Engineer determined that: 1) There was no structural damage or slab displacement to the office and garage buildings due to, or exacerbated by, the passage of Superstorm Sandy; 2) the wall cracks and slab displacement in the lower level of the office building, were attributed to long-term and ongoing subsidence of the subgrade along the adjacent riverbank; and, 3) the wall cracks and slab displacement in the garage building were attributed to long-term and ongoing subsidence of the subgrade due to the soil storage activities located adjacent to the north wall of the garage.

19. Denied as stated. On December 21, 2012, the Plaintiff was issued a Building Coverage payment in the amount of $30,000.00 by Standard Fire, representing an advance partial payment of their flood loss claim. Further answering, on April 25, 2013, Standard Fire issued the Plaintiff an additional $47,696.27 Building Coverage payment. In sum total, Plaintiff has been paid $77,696.27 for the subject flood loss. Further answering, Standard Fire denied coverage to the Plaintiff for items not covered by the SFIP, specifically, 1) non-covered contents (due to the fact that the Plaintiff does not carry contents coverage under the Policy); 2) items located in the basement that are not covered by the SFIP. (see 44 C.F.R. Pt. 61, App. A(2), Art. III(A)(8) and (B)(3)); 3) coverage for the garage on the property, which is a separate building, not covered under the Policy, and would require its own separate policy in order to be covered. (see 44 C.F.R. Pt. 61, App. A(2), Art. I, Art. III(A)(3)); 4) claims for structural damage or slab

displacement to the office building and garage building which were caused by land subsidence and earth movement which was not due to or exacerbated by Superstorm Sandy, and thus, not covered by the SFIP, which only provides coverage for "direct physical loss by or from flood" (see 44 C.F.R. Pt. 61, App. A(2), Art. I, Art. II(B)(12)); 5) damage to foundations and stairs which were determined to have been caused by land subsidence, and therefore, expressly excluded by the SFIP, whether or not caused by flood. (see 44 C.F.R. Pt. 61, App. A(2), Art. V(C)); and, 5) claims for damage to ceiling items on the main level, as the water did not reach those item and thus, those damages were not damages caused directly by or from flood (see 44 C.F.R. Pt. 61, App. A(2), Art. I, Art. II(B)(12)).

20. Denied.

21. Denied as stated. It is admitted only that Plaintiff is the owner of the property located at 1000 Zerega Ave., Bronx, NY 10462-5402 ("Property").

22. Denied.

23. Denied.

## AS AND FOR A FIRST CAUSE OF ACTION

### (Breach of Contract)

24. Standard Fire repeats its responses to each of the allegations contained in the paragraphs 1 through 23 as if same were more fully set forth herein.

25. Denied.

26. Denied. Further answering, see ¶18.

27. Denied. By federal law, WYO companies cannot waive or vary the terms and conditions of the SFIP without the express written consent of the Federal Insurance

Administrator. See 44 C.F.R. §§ 61.4(b), 61.13(d) - (e), 62.23(c) - (d); This is reflected in the SFIP itself. See 44 C.F.R Pt. 61. App. A(2), Art. VII(D).

28. Denied.

29. Denied.

## DEFENSES

Standard Fire hereby asserts the following defenses to Plaintiff's Amended Complaint:

### First Defense

The Amended Complaint fails to set forth any claim upon which relief may be granted.

### Second Defense

There is no coverage for Plaintiff's claims until Plaintiff proves that Plaintiff has strictly complied with all of the requirements of the SFIP and NFIP.

### Third Defense

There is no coverage for Plaintiff's claims to the extent that Plaintiff has failed to set forth all of Plaintiff's claims for damage in a timely Proof of Loss or final adjuster's report provided to Standard Fire.

### Fourth Defense

The Amended Complaint fails to state a claim upon which relief may be granted to the extent that it is premised upon claims for which Plaintiff has not timely provided the required documentation to determine the proper amount in benefits to be paid.

### Fifth Defense

Coverage under the SFIP may be barred to the extent Plaintiff failed to meet the conditions precedent for recovery under Plaintiff's SFIP or otherwise failed to meet contractual, regulatory, and/or legal requirements for recovery, including but not limited to the notice of loss, the separation of property, documentation, cooperation, proof of loss, and other requirements. See 44 C.F.R. Pt. 61, App. A(2), Art. VII.

### Sixth Defense

There is no coverage for Plaintiff's claims to the extent that the claims are barred, in whole or in part, by the doctrines of unclean hands, accord and satisfaction, payment, release, absence of provable damages, res judicata, and collateral estoppel.

### Seventh Defense

The Amended Complaint fails to state a claim upon which relief may be granted to the extent that Plaintiff has failed to mitigate their damages.

### Eighth Defense

The Amended Complaint should be dismissed to the extent that Plaintiff has failed to join necessary and indispensable parties.

### Ninth Defense

The Amended Complaint fails to state a claim upon which relief may be granted to the extent that it relies upon alleged faults of claims adjusters because the SFIP specifically warns against relying upon adjusting personnel, which are supplied as a matter of courtesy only.

### Tenth Defense

The Amended Complaint fails to set forth any claim upon which relief may be granted to the extent that it seeks recovery beyond the coverage expressly provided by the SFIP, the NFIP, and all applicable federal statutes and regulations.

### Eleventh Defense

Some or all of the damages claimed by Plaintiff were not the result of causes within the scope of the SFIP. No such damages were caused by Standard Fire.

### Twelfth Defense

Plaintiff's claims may be barred by one or more of the SFIP provisions, conditions, exclusions, and/or limits of coverage authorized by 42 U.S.C. § 4013, and set forth in 44 C.F.R. Pt. 61, App. A(2), including, but not limited to, the limitations for coverage in a basement set forth in Art. II(B)(5), Art. III(A)(8) and Art. III(B)(3); the exclusion of coverage for the garage on the property, which is a separate building, not covered under the Policy, and would require its own separate policy in order to be covered (see 44 C.F.R. Pt. 61, App. A(2), Art. I, Art. III(A)(3)); the exclusion for coverage for wall cracks, structural damage or slab displacement to the office building and garage building which were attributed to long-term and ongoing subsidence of the subgrades, and were not due to or exacerbated by the passage of Superstorm Sandy, and thus, not covered by the SFIP, which excludes coverage for pre-existing damage as set forth in Art. V(D) and only provides coverage for "direct physical loss by or from flood" (see 44 C.F.R. Pt. 61, App. A(2), Art. I, Art. II(B)(12)); the exclusion for damage to foundations and stairs which were determined to have been caused by land subsidence, and therefore, expressly excluded by the SFIP, whether or not caused by flood. (see 44 C.F.R. Pt. 61,

App. A(2), Art. V(C)); and, the exclusion for coverage for damage to any items not caused directly by or from flood (see 44 C.F.R. Pt. 61, App. A(2), Art. I, Art. II(B)(12)).

### Thirteenth Defense

The Complaint fails to state a claim upon which relief may be granted to the extent that it seeks coverage for damage caused by flood to a basement beyond the limited coverage provided by the SFIP's express terms. The SFIP only provides Building Coverage for the following items in a "basement":

(a) Any of the following items, if installed in their functioning locations and, if necessary for operation, connected to a power source:
(1) Central air conditioners;
(2) Cisterns and the water in them;
(3) Drywall for walls and ceilings in a basement and the cost of labor to nail it, unfinished and unfloated and not taped, to the framing;
(4) Electrical junction and circuit breaker boxes;
(5) Electrical outlets and switches;
(6) Elevators, dumbwaiters, and related equipment, except for related equipment installed below the base flood elevation after September 30, 1987;
(7) Fuel tanks and the fuel in them;
(8) Furnaces and hot water heaters;
(9) Heat pumps;
(10) Nonflammable insulation in a basement;
(11) Pumps and tanks used in solar energy systems;
(12) Stairways and staircases attached to the building, not separated from it by elevated walkways;
(13) Sump pumps;
(14) Water softeners and the chemicals in them, water filters, and faucets installed as an integral part of the plumbing system;
(15) Well water tanks and pumps;
(16) Required utility connections for any item in this list; and,
(17) Footings, foundations, posts, pilings, piers, or other foundation walls and anchorage systems required to support a building.
(b) Clean-up.

44 C.F.R. Pt. 61, App. A(2), Art. III(A)(8). *See also*, Art. II(B)(5) (SFIP definition of "basement.")

### Fourteenth Defense

Some or all of the damages claimed by Plaintiff do not fall within the scope of coverage of the SFIP and are for items that do not qualify as a covered property type under the SFIP (See 44 C.F.R. Pt. 61, App. A(2), Art. IV).

### Fifteenth Defense

The SFIP provides coverage only for "direct physical loss by or from flood." Consequential and incidental damages and any other causes of loss are not covered. Some or all of the claims and relief requests of Plaintiff are barred by this limitation, including, but not limited to, pre- or post-judgment interest, costs of suit, and attorneys' fees.

### Sixteenth Defense

The Amended Complaint fails to state a claim upon which relief may be granted to the extent that it seeks recovery for economic, consequential, punitive, or any other incidental or extra-contractual damages, as such damages are plainly excluded by the express provisions of the SFIP or otherwise fall outside the scope of its coverage, which is limited to "direct physical loss by or from flood.

### Seventeenth Defense

The Amended Complaint fails to state a claim upon which relief may be granted to the extent that it seeks remedies or rights to relief outside of those expressly provided by the SFIP.

### Eighteenth Defense

The Amended Complaint fails to state a claim upon which relief may be granted to the extent that it seeks an award of pre- or post-judgment interest, as interest is precluded in the context of the NFIP according to the "no-interest" rule, which prohibits such an award as an

unauthorized direct charge on the United States Treasury. <u>See</u> *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 193 (2d Cir. 2006) (holding no-interest rule precludes recovery of prejudgment interest in claims against private insurers under the National Flood Insurance Act).

### Nineteenth Defense

The Amended Complaint fails to state a claim upon which relief may be granted to the extent that losses incurred in connection with the underlying claims exceed the applicable limits of liability of the respective SFIP.

### Twentieth Defense

In the event of any recovery by Plaintiff, Standard Fire affirmatively asserts the mortgage clause of the SFIP, and affirmatively asserts that the name of any lending institution or other loss payee upon Plaintiff's declarations page must be included in any judgment or payment in this case. 44 C.F.R. Pt. 61 App. A(2), Art. VII(Q).

### Twenty-First Defense

There is no coverage to the extent the claims and relief requests of Plaintiff are covered by other insurance or by other sources.

### Twenty-Second Defense

The Amended Complaint fails to state a claim upon which relief may be granted to the extent that Plaintiff knowingly, negligently, or innocently made material misstatements of fact to Standard Fire in connection with the issuance of the SFIP or the submission of Plaintiff's claims under the SFIP.

### Twenty-Third Defense

The Amended Complaint fails to state a claim upon which relief may be granted to the extent that it relies upon any representations by anyone which were or are inconsistent

with the scope of coverage under the SFIP, as such representations are void as a matter of federal law.

### Twenty-Fourth Defense

Standard Fire is a fiscal agent of the United States and is subject to the NFIP requirements imposed by statute and by the Federal Emergency Management Agency ("FEMA"), including the requirements of the SFIP. FEMA has reserved to itself the exclusive authority to waive program requirements. See 44 C.F.R. Pt. 61.13(d), and Pt. 62.23(k), as well as 44 C.F.R. Pt. 61, App. A(2), Art. VII(D). To the extent that Plaintiff seeks benefits precluded by NFIP requirements, neither Standard Fire nor the Court has authority to waive such requirements.

### Twenty-Fifth Defense

If Plaintiff is able to establish (1) full and complete compliance with all conditions precedent to the making of a claim, and (2) that there are no issues as to coverage, any exclusions, or scope of coverage, then in that event (but not until that event) Standard Fire may affirmatively assert and invoke the appraisal clause of the SFIP, 44 C.F.R. Pt. 61, App. A(2), Art. VII(P). Plaintiff does not have the right to a trial solely on the issue of quantum. To the extent that Plaintiff is or has been involved in an appraisal process, then the outcome of such process is binding on the parties.

### Twenty-Sixth Defense

To the extent that the claims of Plaintiff are premised upon treatment of the SFIP as a valued policy, such claims are precluded by the SFIP. 44 C.F.R. Pt. 61, App. A(2), Art. II(B)(29).

- 13 -

# 1837818
7303759.2

### Twenty-Seventh Defense

Some or all of the claims and relief requests of Plaintiff are barred by the Separation of Powers Doctrine. Congress has granted authority to FEMA with respect to the level of benefits and handling of claims.

### Twenty-Eighth Defense

The claims and relief requests of Plaintiff that seek to cause expenditures beyond those authorized by Congress are barred by the Appropriations Clause.

### Twenty-Ninth Defense

Assessment of any type of extra-contractual liability predicated upon any rule or standard that was not in existence prior to Plaintiff's loss would constitute a denial of Standard Fire's due process rights.

### Thirtieth Defense

The Amended Complaint fails to state a claim for Contents Coverage, as the Plaintiff did not purchase coverage for contents under the Policy.

### Thirty-First Defense

There is no right to a jury trial for claims under the NFIP.

### Thirty-Second Defense

No supplemental claims are allowed in the NFIP.

### Thirty-Third Defense

All persons are charged with knowledge of the published federal laws, rules, and regulations.

7303759.2

# 1837818

### Thirty-Fourth Defense

The SFIP was written by the United States Government, pursuant to 42 U.S.C. § 4013, and may be found in its entirety at 44 C.F.R. Pt. 61, App. A(2). As the federal government is the ultimate underwriter of the NFIP, it has been determined that federal (not state) law governs all claims regarding the NFIP. Accordingly, any of Plaintiff's allegations premised upon state law provisions are completely pre-empted.

### Thirty-Fifth Defense

Further answering, the Policy is a General Property policy. Therefore, Plaintiff does not qualify for recoverable depreciation under the SFIP and is only entitled to be compensated on an actual cost value ("ACV") basis, rather than on a replacement cost value basis ("RCV"). See 44 C.F.R. Pt. 61, App. A(2), Art. V.

### Thirty-Sixth Defense

Standard Fire reserves its right to supplement this Answer and to set forth additional defenses if and when additional facts become known.

**WHEREFORE,** The Standard Fire Insurance Company respectfully requests that the Court deny the Plaintiff's request for costs, disbursements, interest and "such other and further relief as the Court may deem just, equitable and proper," as outside the scope of coverage under the SFIP, which is limited to "direct physical loss by or from flood." Further, The Standard Fire Insurance Company requests that the Court enter judgment in its favor and against Plaintiff, (a) declaring that Standard Fire has complied with its obligations under the Standard Flood Insurance Policy and the National Flood Insurance Program; (b) declaring that Standard Fire is not liable for further damages to Plaintiff; (c) dismissing the Amended Complaint with

prejudice; and (d) awarding to Standard Fire such other and further relief as this Honorable Court deems appropriate.

Dated: October 23, 2013
      New York, New York

CARTER LEDYARD & MILBURN LLP

By: _____
Judith A. Lockhart
Leonardo Trivigno
2 Wall Street
New York, NY 10005
Telephone: (212) 732-3200
lockhart@clm.com
trivigno@clm.com

-and-

STRADLEY, RONON, STEVENS & YOUNG, LLP
Craig Russell Blackman
Antranig N. Garibian
2600 One Commerce Square
Philadelphia, PA 19103-7098
Telephone: (215) 564-8000
cblackman@stradley.com
agaribian@stradley.com

*Attorneys for Defendant, The Standard Fire Insurance Company*

7303759.2     # 1837818